STANLEY ZISK
*vs.*
RALPH SELMONT

Superior Court    New Haven County    File No. 61495

MEMORANDUM FILED MARCH 16, 1942.

*John H. Sheehan,* of New Haven, for the Plaintiff.

*Marshall Banever,* of New Haven, for the Defendant.

BOOTH, J.   The action is for the alienation of affections of the plaintiff's wife.   According to the evidence the plaintiff and his wife were married on July 6, 1929, and lived together until February 1, 1941, although prior thereto they had separated at various times.

On February 1, 1941, the plaintiff's wife left their home because of differences between them.   She then went to live with her mother and has since lived there except for three weeks when she lived with her sister.   On March 25, 1941, the defendant first met the plaintiff's wife and since that date has seen her on various occasions, has taken her out riding in his automobile and visited her at her sister's and her mother's homes.

On May 31, 1941, while riding in his automobile with the plaintiff's wife, the defendant was accosted by the plaintiff and informed by him that he resented the defendant's attention to his wife.   Notwithstanding this notice the defendant continued to call upon the plaintiff's wife and to take her riding in his automobile.

On June 21, 1941, and on September 13, 1941, the defendant was observed by the plaintiff in the defendant's car with the plaintiff's wife and was notified by the plaintiff to keep away from her.   On one of these occasions the plaintiff informed the defendant that if he would cease his attentions toward the plaintiff's wife, they might affect a reconciliation. The defendant thereupon agreed to keep away from the plaintiff's wife but continued to see her on several occasions down to and including the time of the present trial.

From the above and all of the other evidence in the case it

is concluded that the defendant by his acts in fact alienated the affections of the plaintiff's wife.

The gist of an action for alienation of affections is the loss of consortium and this may be affected in whole or in part. In the present instance it is obvious that the plaintiff's right of consortium was but partly affected by the conduct of the defendant. The plaintiff and his wife had already separated before the defendant appeared upon the scene and this separation was not due to any conduct on the part of the defendant. The law presumes, however, that there is always a possibility of the husband and wife becoming reconciled and it is within the realm of possibility that the plaintiff and his wife might have been reconciled had it not been for the interference of the defendant.

Under the circumstances then, while the injury to the plaintiff was not so great as it would have been had the defendant's acts caused the plaintiff's wife to leave the plaintiff's home, it nevertheless constituted an injury to the plaintiff's right of consortium for the possibility of reconciliation still remained after the separation.

Further, it is found that the conduct of the defendant in relation to the plaintiff's wife, after he was warned by the plaintiff to desist from his attentions to her and after he had promised to so desist amounted to wantonness on his part.

In view of all the circumstances it is found that the plaintiff has properly established all of the material allegations of the complaint and that he is entitled to damages thereon.

Judgment may enter for the plaintiff upon the issues of the complaint and for the plaintiff to recover of the defendant $750 damages and costs.